UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYON WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SABRINA WILLIAMS, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>23-13180-MJJ |

**ORDER**

**JOUN, D.J.**

In December 2023, *pro se* litigant Sabrina Williams sought to remove this action from the Essex Probate and Family Court. On January 5, 2024, the Court ordered that this action be remanded to the state court because (1) the action was not one that could have originally been filed in a federal court, *see* 28 U.S.C. § 1441(a); and (2) the removal was untimely, *see* 28 U.S.C. § 1446(b). [Doc. No. 8]. Williams is appealing the remand order, [Doc. No. 13], and has filed two motions for leave to appeal *in forma pauperis*, [Doc. Nos. 14, 15]. For the reasons set forth below, the Court certifies that the appeal is not taken in good faith and DENIES the motion for leave to appeal *in forma pauperis*.

Under the federal *in forma pauperis* statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is demonstrated when a litigant seeks "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." *Lee v. Clinton*,

209 F.3d 1025, 1026 (7th Cir. 2000). Here, Williams's appeal is not taken in objective good faith.

I.      **No Right of Appeal from the Remand Order**

There is no right of appeal from the Court's remand order. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of [Title 28 of the United States Code] shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(e).

Section 1442 provides for the removal of a case against the United States or a federal officer, and thus it is factually inapplicable to Williams's divorce action.

Section 1433 provides, in relevant part, for removal when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Williams did not identify this statute as the basis for removal, nor is it applicable. To remove an action under court under 28 U.S.C. § 1443(1), a defendant must show both that (1) "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "the removal petitioner is denied or cannot enforce the specified federal rights in the courts [of the state]." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotation marks and citations omitted). The second component "normally requires that the denial be manifest in a formal expression of state law such as a state legislative of constitutional provision. *Id.* (internal quotation marks and citation omitted). Even though Williams argues that rulings in the divorce case have violated her civil

rights, nothing in her filings indicate that either requirement for jurisdiction 28 U.S.C. § 1443(1) exists.

## II.     Basis for Appeal Is Frivolous

Even if the remand order was reviewable on appeal, Williams' proffered reason for the appeal is without merit. In her notice of appeal, Williams argues that the divorce case

> should not be remanded back to Essex Probate and Family Court because the presiding Judge: Judge Jennifer Ulwick is a current defendant of docket 1:24-10080 filed 1/10/2024 [in the United States District Court for the District of Massachusetts].  Thus, due to suit against her, the defendant would be suspect to Judge Ulwick's bias, impartiality, etc.  Also Judge Ulwick has demonstrated actions that allowed the plaintiff, Rayon Williams, to violate the defendants' U.S. Constitutional rights.

[Doc. No. 13 at 1].

The alleged partiality or other misconduct of a state court judge—no matter how egregious—is not a basis for removal. Thus, the basis of Williams' appeal is not taken in good faith.

## III.    Conclusion

Accordingly, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that Williams' appeal of the remand order is not taken in good faith, and the motions for leave to appeal *in forma pauperis*, [Doc. Nos. 14, 15], are DENIED on that basis. If Williams would like to challenge the Court's certification under 28 U.S.C. § 1915(a)(3) and pursue *in forma pauperis* status on appeal, she may, within thirty (30) days, file a new motion for leave to appeal *in forma pauperis* directly with the United States Court of Appeals for the First Circuit. *See* Fed. R. App.

P. 24(a)(5).[1]


**So Ordered.**

       /s/ Myong J. Joun
       Myong J. Joun
       United States District Judge

Dated:  March 5, 2024

---

[1]The Rule 24 of the Federal Rules of Appellate Procedure provides:

> A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice [of the district court's order denying the motion to proceed in forma pauperis].  The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action.  If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. App. P. 24(a)(5).